UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE, an individual,

    Plaintiff,

vs.

Case No. 1:11-cv-00754

HON. GORDON J. QUIST

BENZIE COUNTY, RORY HECKMAN,
Sheriff of Benzie County, JEFFERY
CONQUEST, Jail Administrator of Benzie
County, and RICHARD ZYCH, Court Officer
for Benzie County, individually and officially.

    Defendants.
_____/

Jesse L. Williams (P69264)
James W. Amberg (P68564)
AMBERG, AMBERG & WILLIAMS NORTH, PLLC
Attorneys for Plaintiff
161 East Front Street, Suite 209
Traverse City, Michigan 49684
231-929-8340 Office / 231-929-8341 Facsimile

Gregory R. Grant (P68808)
CUMMINGS, McCLOREY, DAVIS &
ACHO, P.L.C.
Attorney for Defendants Benzie County
Sheriff Heckman and Jail Administrator Conquest
125 Park Street, Ste. 415
Traverse City, MI 49684
(231) 922-1888

Defendant Richard Zych
In propria persona
10529 Riverside Drive
Honor, Michigan 49640
231-325-7261

---

### PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW

    Plaintiff's attorneys, AMBERG, AMBERG & WILLIAMS NORTH, PLLC move this Court for an order allowing their withdrawal as Counsel for Plaintiff and in support states as follows:

1. That this lawsuit was filed in this Court on July 21, 2011.

2. That WD Mich LR 83.1(j) states that Michigan's Rules of Professional Conduct apply to members of the Bar of this Court.

3. MRPC 1.16(b) states that:

> Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> \* \* \*
>
> (5) the representation ... has been rendered unreasonably difficult by the client; or
>
> (6) other good cause for withdrawal exists.

4. Counsel for Plaintiff believes that it is in their client's best interest for them to withdraw as counsel as there has been an irreparable breakdown in attorney-client relationship.

5. Moreover, Plaintiff's Counsel believes that MRPC 1.16(b)(5) and (6) would more than justify this request to be relieved from their duty of representation.

6. The representation of Plaintiff by her current counsel has been rendered unreasonably difficult by Plaintiff, and other good cause for withdrawal exists.

7. Counsel for Plaintiff has been informed by Plaintiff that she has engaged the services of another attorney or law firm to represent her in this lawsuit.

8. Plaintiff has refused to identify what other attorney or law firm she has engaged to represent her in this lawsuit.

9. Counsel for Plaintiff did confer with Plaintiff and request that she stipulate to allow them to be relieved, yet it appears she is unwilling to do so.

10. Plaintiff has been uncooperative with her Counsel in Counsel's attempt to timely complete interrogatories served on Plaintiff by Defendants Benzie County, et al.

11. Counsel for Plaintiff has not attempted to contact opposing counsel pursuant to

WD Mich LR 7.1(d) because they believe that opposing counsel does not have standing to concur with or to oppose the relief requested in this motion; upon information and belief, however, Plaintiff's Counsel believes that opposing counsel will take no position on their request to be relieved of representation.

12. Should this Court grant Plaintiff's Counsel's motion to withdraw, they believe there would be no material adverse effect to Plaintiff because discovery is open until August 1, 2012, her Final Pretrial Conference is not scheduled until December 5, 2012, and Plaintiff will have more than enough time to consult with any other attorney she will be employing to represent her in this lawsuit.

THEREFORE, for all the above stated reasons, Plaintiff's Counsel moves this Honorable Court to grant this motion and allow them to withdraw from representing Plaintiff any further.

Respectfully submitted,

Amberg, Amberg &Williams North, PLLC

Dated: December 1, 2011

By: /s/ Jesse L. Williams
JESSE L. WILLIAMS (P69264)
Attorney for Plaintiff

### BRIEF IN SUPPORT

Plaintiff relies upon WD Mich LR 83.1(j) and MRPC 1.16(b)(5) and(6) and the discretion of this Court. Bringing this motion does not come easy, as Plaintiff's Counsel recognizes that if they are relieved of their obligation to represent Plaintiff, her case will in all likelihood continue, and they do not want to violate attorney-client privilege, or otherwise adversely affect Plaintiff's

3

ability to proceed on her cause of action. However, Plaintiff's Counsel takes very seriously their obligation to represent their client in a zealous and diligent manner.

There has been a breakdown in the attorney-client relationship which in Plaintiff's Counsel's opinion so adversely affects their ability to effectively represent Plaintiff in this case that they should be allowed to withdraw.

Counsel for Plaintiff affirmatively states that they have attempted to avoid the necessity of filing this motion by seeking concurrence from their client. Apparently, she will not agree.

MRPC 1.16(b)(5) allows for an attorney to be relieved if..."the representation . . . has been rendered unreasonably difficult by the client". MRPC 1.16(b)(6) provides that if "other good cause for withdrawal exists," an attorney may be relieved.

Plaintiff's Counsel attests that the representation of Plaintiff has been rendered unreasonably difficult by Plaintiff and that good cause for withdrawal exists under the circumstances in this case. Counsel for Plaintiff believes that Plaintiff would be better served by different counsel. Requiring Plaintiff's current counsel to continue representing her would not be in the best interest of Plaintiff. Nor would it be in the best interest of Plaintiff's Counsel.

THEREFORE, for all the above reasons Plaintiff's Counsel moves this Honorable Court to grant this motion and allow them to withdraw from this case.

Respectfully submitted,

Amberg, Amberg &Williams North, PLLC

Dated: December 1, 2011

By: /s/ Jesse L. Williams
JESSE L. WILLIAMS (P69264)
Attorney for Plaintiff

4